O

# United States District Court
# Central District of California

PETER HILDEBRANDT,

          Plaintiff,

    v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

          Defendant.

Case № 8:23-cv-02297-ODW (JDEx)

**ORDER ESTABLISHING APPLICABLE STANDARD OF REVIEW [40; 43]**

## I.      INTRODUCTION

Plaintiff Peter Hildebrandt brings this action to recover benefits against Defendant Unum Life Insurance Company of America ("Unum") under the Employee Retirement Income Securities Act of 1974 ("ERISA"). (Compl. ¶¶ 14–27, Dkt. No. 1.) Both parties move for a determination regarding the applicable standard of judicial review. (Def.'s Mot. Summ. J. ("DMSJ"), Dkt. No. 40; Pl.'s Opp'n DMSJ & Mot. Summ. J. ("PMSJ"), Dkt. No. 43.) For the reasons that follow, the Court finds the applicable standard of review is abuse of discretion and, accordingly, **GRANTS** Unum's motion and **DENIES** Hildebrandt's motion.[1]

---

[1] Having carefully considered the papers filed in connection with the motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND[2]

At all relevant times, Hildebrandt was an employee of The Boston Consulting Group, Inc. ("BCG").  (DSUF 1, 3; PAMF 19.)  Hildebrandt worked briefly for BCG in Germany before relocating to California, where he worked for BCG as a partner and where he remains today.  (DSUF 3; PAMF 19.)  BCG is a Massachusetts-based business entity with a principal place of business in Boston, Massachusetts.  (DSUF 6, 10.)  BCG employs thousands of employees across the United States and internationally, although it has more employees in Massachusetts than any other state.  (DSUF 8–9.)

BCG established an ERISA-governed employee welfare benefit plan and, in 1975, purchased from Unum a group policy insuring the long-term disability benefits of the benefit plan (the "LTD Plan").  (DSUF 1–2.)  Unum is the claims administrator of BCG's policy.  (DSUF 7; PAMF 20.)  The policy has a choice of law clause providing that Massachusetts law would govern the agreement.  (DSUF 4.)  The LTD Plan grants Unum discretionary authority to make all benefit determinations on long-term disability claims.  (DSUF 5.)

Hildebrandt participated in and was covered by the LTD Plan as a benefit of his employment with BCG.  (DSUF 3.)  He submitted a claim under the LTD Plan, which Unum denied both initially and on subsequent internal appeal.  (Decl. Glenn R. Kantor ISO PMSJ ¶ 4, Dkt. No. 43-3.)  Thus, Hildebrandt filed this action challenging Unum's denial of his claim.  (*See generally* Compl.)  The parties now move for partial summary judgment regarding the applicable standard of review.  (DMSJ 1–2; PMSJ 1–2.)

## III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

---

[2] The Court derives the factual background from Unum's Statement of Uncontroverted Facts ("DSUF"), (DSUF, Dkt. No. 40-1), Hildebrandt's Statement of Genuine Disputes ("PSGD") and Additional Material Facts ("PAMF"), (PSGD & PAMF, Dkt. No. 43-1), and Unum's Responses thereto, (Resp. PAMF, Dkt. No. 44-1), in addition to the parties' clearly and specifically cited evidence, *see* C.D. Cal. L.R. 56-1 to 56-4.

of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" where it might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the moving party satisfies its initial burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must show that there are "genuine factual issues that . . . may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250) (emphasis omitted). Courts should grant summary judgment against a party who fails to make a sufficient showing on an element essential to her case when she will ultimately bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

In ruling on summary judgment motions, courts "view the facts and draw reasonable inferences in the light most favorable" to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation modified). Thus, when parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the nonmoving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790–91 (9th Cir. 2006). The court considers "each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011). Conclusory, speculative, or "uncorroborated and self-serving" testimony will not raise genuine issues of fact sufficient to defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh

3

conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

The Court may assume that material facts claimed and adequately supported are undisputed except to the extent that such material facts are (a) included in the opposing party's responsive statement of disputes *and* (b) controverted by declaration or competent written evidence. C.D. Cal. L.R. 56-4. The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced. *Id.*

## IV.     DISCUSSION

The parties both move for a determination on the standard of judicial review that applies to Hildebrandt's case here challenging Unum's denial of benefits. Unum argues an abuse of discretion standard should apply, while Hildebrandt seeks review *de novo*. (DMSJ 1–2; PMSJ 1–2.)

### A.     Standards of Review

"When Congress enacted ERISA, it did not specify the standard of review that courts should apply when a plan participant challenges a denial of benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006). "Instead, Congress expected federal courts to develop a body of common law to govern those claims and to determine the appropriate standards of review." *Id.* The Supreme Court thus determined that the default standard is that a denial of benefits is reviewed *de novo*, "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where a plan clearly and "unambiguously gives the plan administrator discretion to determine a plan participant's eligibility for benefits, then the standard of review shifts to abuse of discretion." *Whitesell v. Liberty Life Assurance Co. of Bos.*, 650 F. Supp. 3d 832, 834 (N.D. Cal. 2022) (citing *Abatie*, 458 F.3d at 963).

Notably, "[s]ome states, including California, ha[ve] enacted statutes that prohibit an insurance policy from assigning discretion to the insurer or administrator." *Id.* Specifically, California Insurance Code section 10110.6 ("Section 10110.6") "bans discretionary clauses in disability insurance policies that govern California residents." *Id.* Section 10110.6 "is 'self-executing,'" meaning that "if any discretionary provision is covered by the statute, 'the courts shall treat that provision as void and unenforceable.'" *Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan*, 856 F.3d 686, 692 (9th Cir. 2017). So, when applying California law, the standard of review remains *de novo* even where a plan clearly grants discretion.

**B.      Analysis**

Unum argues the Court should apply an abuse of discretion standard because the LTD Plan contains an unambiguous discretionary clause, and the choice of Massachusetts law to govern the plan means that California law does not apply so Section 10110.6 does not invalidate the discretionary grant. (DMSJ 3–12.) Hildebrandt does not dispute that the plan includes a discretionary clause that unambiguously grants Unum discretion to make all benefit determinations on LTD Plan claims. (PMSJ 1; PSGD 5.) Nevertheless, he seeks a *de novo* standard of review on the grounds that (a) the discretionary clause is unenforceable under California law regardless of the Massachusetts choice of law, and (b) even if the Massachusetts choice of law clause applies, it is fundamentally unfair to permit it to apply and deprive him of the benefit of California's Section 10110.6. (PMSJ 6–22.)

Despite Hildebrandt's urging to begin by applying Section 10110.6, the Court must start with the "threshold question" of "what law applies to interpret the terms of an ERISA insurance policy." *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1439 (9th Cir. 1990); *see also Whitesell*, 650 F. Supp. 3d at 834 ("The Court starts with the threshold issue of choice of law."); *Fenberg v. Cowden Auto. Long Term Disability Plan*, 259 F. App'x 958, 959 (9th Cir. 2007) (reversing district court's choice of law holding and remanding for district court to review again under appropriate standards).

"All suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans [shall] be treated as federal questions governed by § 502(a)." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987).  In federal question cases, like this one, courts "should apply federal, not forum state, choice of law rules." *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995).  In the Ninth Circuit, federal choice of law rules require that, "[w]here a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair." *Wang Lab'ys, Inc. v. Kagan*, 990 F.2d 1126, 1128–29 (9th Cir. 1993).  The party contesting the choice of law clause has the burden to show that the provision is unreasonable or unfair.  *See id.* at 1129.

In *Wang*, the Ninth Circuit affirmed the district court's decision to apply Massachusetts law as designated in the ERISA plan.  *Id.*  The court in *Wang* found that, because the company and most of its employees were located in Massachusetts, choosing Massachusetts law at the time the contract was made "was fair and reasonable." *Id.*  Further, the court affirmed that the Massachusetts law at issue, a statute of limitations, would apply even though the plaintiff there was a California resident, the plaintiff had been injured in California, and the action had been filed in California.  *Id.*; *see Fenberg*, 259 F. App'x at 959 (applying *Wang* and affirming an ERISA policy's Rhode Island choice of law as not "unreasonable or fundamentally unfair" such that, "to the extent that state law applie[d], Rhode Island law govern[ed] the plan").

Hildebrandt acknowledges that the policy contains a choice of law provision selecting Massachusetts law to govern.  (PSGD 4.)  BCG is headquartered and has its principal place of business in Massachusetts.  (*See* DSUF 9–10.)  BCG employs thousands of people globally, with most of its domestic employees located in Massachusetts. (DSUF 8–9.)  Thus, as in *Wang*, BCG and a majority of its employees are located in Massachusetts, making the Massachusetts choice of law both "fair and reasonable."  990 F.2d at 1129.  Further, in light of BCG's global reach, electing a uniform choice of law for the plan promotes Unum's uniform administration regardless of the location of a particular participant.  *Whitesell*, 650 F. Supp. 3d at 836 (noting that

application of bargained-for choice of law provisions promotes plan predictability and efficiency, especially where a plan has widespread geographical participation).  Absent such a uniform choice of law, "[t]he plan's administrative costs and reserves for litigation expenses would necessarily have to account for greater risk and uncertainty [of a] plan [that is] subject to the choice of law doctrine of every state in which it might be sued, and whatever substantive law that doctrine might import."  *Wang*, 990 F.2d at 1129.  Thus, also as in *Wang*, the "benefits of enforcing the contractual choice of law redound ultimately to the beneficiaries . . . and to the 'soundness and stability of plans,' an explicit statutory objective of ERISA."  *Id.* (quoting 29 U.S.C. § 1001(a)).

In sum, the choice of Massachusetts law to govern the policy and LTD Plan is not unreasonable or fundamentally unfair.  Thus, Massachusetts law applies, and Section 10110.6 does not apply to invalidate the LTD Plan's discretionary grant.  *See Walker Earle v. UNUM Life Ins. Co. of Am.*, No. 2:19-cv-02903-JFW(AFMx), 2020 WL 4434951, at *11 (C.D. Cal. July 23, 2020) (finding that plan's choice of Maine law applied and, consequently, that Section 10110.6 did not apply to invalidate plan's discretionary clause), *aff'd sub nom. Earle v. Unum Life Ins. Co. of Am.*, No. 20-55868, 2021 WL 4871785 (9th Cir. Oct. 19, 2021); *see also Fenberg*, 259 F. App'x at 959 (finding that plan's choice of Rhode Island law applied and reversing district court's contrary finding in favor of California law).

Hildebrandt argues that enforcing the Massachusetts choice of law is neither fair nor reasonable because, although Massachusetts does not prohibit discretionary clauses, California does.  (PMSJ 15–22.)  He contends that applying Massachusetts law deprives him, a California citizen, of the benefit of fundamental California public policy right to a fair review of disability insurance claim denials as expressed in Section 10110.6.  (*Id.* at 6–15.)  However, precedent is clear that courts must enforce ERISA plans according to their express terms.  *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013) ("The plan, in short, is at the center of ERISA.")  The Court's focus must be on the "written terms of the plan" as they are the "linchpin" of the ERISA system.  *Id.*

7

Here, those written terms include Massachusetts as the governing law and Massachusetts does not prohibit discretionary clauses. (DSUF 4, 11.) Hildebrandt also contends the Court should treat Section 10110.6 as a "mandatory contract term" implied in the plan, (PMSJ 2), but this would apply only to California residents and not all BCG LTD Plan participants, *see* Cal. Ins. Code § 10110.6 (applying to certain insurance coverages "for any California resident"). Hildebrandt's preferred reading would thus undermine the drafters' intended benefit of including a uniform choice of law clause. Further, the rights and duties in this case rely on the face of the bargained-for written plan documents, within which the drafters simply did not reference Section 10110.6 or its import. *See Heimeshoff*, 571 U.S. at 108–09 (recognizing the "particular importance of enforcing plan terms as written" because "the rights and duties at issue" in an ERISA case are "built around reliance on the face of written plan documents").

Finally, the Court cannot credit many of the authorities Hildebrandt cites— "which hold that California's Section 10110.6 applies regardless of a plan or policy's choice of another state's law to govern the contract"—because these authorities cannot be reconciled with *Wang* or its threshold choice of law analysis. *Ehrlich v. Hartford Life & Accident Ins. Co.*, No. 20-cv-02284-JST, 2021 WL 4472845, at *7 n.8 (N.D. Cal. May 7, 2021) (noting it is error to apply Section 10110.6 without first conducting the threshold *Wang* choice of law analysis); *Whitesell*, 650 F. Supp. 3d at 835 n.3 (same). The requisite choice of law analysis "requires the Court to first determine which state's law should apply to a dispute, and only then to examine the substance of a state's law." *Ehrlich*, 2021 WL 4472845, at *7 n.8. Decisions finding otherwise are unpersuasive.

Ultimately, Hildebrandt fails to persuade the Court that the Massachusetts choice of law provision is "unreasonable or fundamentally unfair." *Wang*, 990 F.2d at 1129. Accordingly, Massachusetts law applies, meaning that Section 10110.6 does not invalidate the plan's discretionary clause. As the discretionary clause remains valid and enforceable, the standard of review in this case is abuse of discretion. *Firestone*, 489 U.S. at 115; *Abatie*, 458 F.3d at 963.

## V.    CONCLUSION

For the reasons above, the Court finds that the proper standard of judicial review in this case is abuse of discretion.  Accordingly, **GRANTS** Unum's Motion for Partial Summary Judgment, (Dkt. No. 40), and **DENIES** Hildebrandt's Motion for Partial Summary Judgment, (Dkt. No. 43).

**IT IS SO ORDERED.**

February 13, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**